IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CINCINNATI INSURANCE COMPANY,

**Plaintiff,**

v.

KYLE UHRING,
DUSTIN MUSENBROCK,
COUNTRY MUTUAL INSURANCE
COMPANY, and ALAN and
BARBARA NETEMEYER

**Defendants.**                                              No. 05-CV-0602-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

## I. Introduction

Now before the Court are two motions to set aside entry of defaults (Docs. 15 & 17). Plaintiff opposes the motions. Based on the pleadings, the case law and the following, the Court denies Defendant Musenbrock's motion and grants Defendant Country Mutual Insurance Company's motion.

On August 18, 1005, Cincinnati Insurance Company ("Cincinnati') filed a declaratory judgment suit against Kyle Uhring, Dustin Musenbrock, Country Mutual Insurance Company and Alan and Barbara Netemeyer (Doc. 1). Cincinnati seeks a ruling that an insurance policy it issued to Alan and Barbara Netemeyer does not require it to provide coverage to Uhring (the Netemeyer's son) in response to a

lawsuit filed by Musenbrock and Country Mutual Insurance Company.[1]

The record indicates that on November 23, 2005, Musenbrock was served with the summons and it was returned executed on December 13, 2005 (Doc. 7). The records also indicates that on November 22, 2005 Country Mutual Insurance Company was served with the summons and it was returned executed on December 13, 2005 (Doc. 8). Thereafter, Cincinnati moved for entry of Default as to all Defendants arguing that it is entitled to entry of default as none of the Defendants have timely answered or otherwise responded (Doc. 9). On January 6, 2006, the Clerk of the Court entered a default as to Uhring, Musenbrock, Country Mutual Insurance, Barbara Netermeyer and denied the default as to Alan Netemeyer (Doc. 14).[2] In the meantime, attorney Tori L. Cox filed a notice of appearance on behalf of Musenbrock and Country Mutual Insurance (Doc. 13).[3]

On January 12, 2006, both Musenbrock and Country Mutual Insurance moved to set aside the entry of defaults (Doc. 15 & 17). Cincinnati opposes both motions (Docs. 24 & 25). Based on the following, the Court denies Musenbrock's motion and grants Country Mutual Insurance Company's motion.

---

[1] The underlying case arose out of a vehicular accident in which Musenbrock was injured and Uhring was driving.

[2] On January 18, 2006, the Clerk of the Court entered default as to Alan Netemeyer (Doc. 22).

[3] Ms. Cox's original entry of appearance was filed on January 3, 2006 (Doc. 11). However on January 4, 2006, that entry was stricken by the Clerk of the Court for failure to sign the certificate of service (Doc. 12).

## II.  Analysis

**Federal Rule of Civil Procedure 55(c)** provides that "[f]or good cause shown the court may set aside an entry of default. ..."  "In order to vacate an entry of default the moving party must show: (1) good cause for the default, (2) quick action to correct it and (3) meritorious defense to Plaintiff's complaint." ***Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)**.  The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. ***United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)**.  A showing of "excusable neglect" can establish good cause for the default. ***See Robb v. Norfolk & Western R.R. Co.*, 122 F.3d 354, 359 (7th Cir. 1997)**.

As to Defendant Musenbrock, the Court finds that he has neither established good cause nor a meritorious defense.  His motion merely states that his attorneys were informed that Musenbrock had been served with process on or about January 3, 2006, that they entered their appearance that same day but that the entry was stricken so they re-filed the entry two days later, and that the Clerk entered default on January 6, 2006.  Musenbrock's attorneys claim that since they were not aware that service had been effected, they were not aware that a responsive pleading was due by December 13, 2005.  This bare bones pleading is not sufficient to meet the standard required.  In fact, Plaintiff's response reveals that Musenbrock's attorneys were aware of the lawsuit for over four months as they acknowledge

receiving a copy of the complaint from Cincinnati's attorneys in August 2005. (See Doc. 25, Exhibits A, B & C). Further, Musenbrock has not shown a meritorious defense. His motion does not even address this issue. Accordingly, the Court is left with no other choice than to deny Musenbrock's motion to set aside entry of default regardless of the disfavor courts hold default over deciding a matter on the merits.

As to Country Mutual Insurance Company's motion, it argues that the Court should set aside the default because Country Mutual "was under the understanding that counsel from Reed, Armstrong, Gorman, Mudge & Morrisey, P.C. would be handling the declaratory judgment action. Due to a misunderstanding as to the handling of the declaratory judgment complaint, the complaint was not answered by December 12, 2005." (Doc. 17, ¶9). Further, Country Mutual Insurance Company argues that Plaintiff "has not shown that it has willfully failed to answer timely, nor that it or its attorneys' willfully disregarded court procedure nor that it or its attorneys' [sic] have not been candid with the court nor any of the other factors that entered into each court's decision other than the untimely filing of its answer; nor has it otherwise shown bad faith on the part of Country Mutual." (Doc. 27, p. 5). The Court agrees with Country Mutual Insurance Company.

The Seventh Circuit has held that the district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly. ***See Hal Commodity Cycles Mgmt. Co. v. Kirsh,* 825 F.2d 1136, 1138 (7th Cir. 1987) ("[A]n appellate court will not reverse the denial of Rule 60(b) relief when entry**

**of the default judgment resulted from the defaulting party's willful refusal to comply with the minimum standards of conduct expected of all litigants");** *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.,* **726 F.2d 1202, 1205 (7th Cir. 1984) ("Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's [refusal to grant relief from the default]").** Further, the Seventh Circuit has noted that this willfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court. *Inryco Inc. v. Metro. Eng'g Co.,* **708 F.2d 1225, 1231 (7th Cir. 1983)**.

> The Court finds that it does not appear that Country Mutual Insurance Company was willfully avoiding defending this suit. It retained new counsel to represent itself after the twenty days had lapsed and entered an appearance and motion to vacate only 6 days after the default was entered. This single incident of delay did not meaningfully prejudice plaintiff or interfere with the efficient management of Court's docket. *See Merrill Lynch Mortgage Corp. v. Narayan,* **908 F.2d 246 (7th Cir. 1990)**. Further, there is a "well established policy favoring a trial on the merits over a default judgment." *North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co.,* **842 F.2d 164, 167 (7th Cir. 1988)**. Lastly, the Court finds that Country Mutual Insurance Company has stated a meritorious defense. This pleading, contrary to the assertions of the Plaintff, stands

in stark contrast to that of Defendant Musenbrock.

### III. Conclusion

Accordingly, the Court **DENIES** Musenbrock's motion to set aside entry of default (Doc. 15) and **GRANTS** Country Mutual Insurance Company's motion to set aside entry of default (Doc. 17).  The Court **VACATES** the Clerk's entry of judgment as to Country Mutual Insurance Company.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2006.

/s/        David   RHerndon
**United States District Judge**