IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CINCINNATI INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**KYLE UHRING,
DUSTIN MUSENBROCK,
COUNTRY MUTUAL INSURANCE
COMPANY, and ALAN and
BARBARA NETEMEYER**

**Defendants.**                                                  No. 05-CV-0602-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Procedural Background

Now before the Court is Cincinnati Insurance Company's motion for judgment on the pleadings (Doc. 38). Country Mutual Insurance Company ("Country Mutual") opposes the motion (Doc. 40). Based on the pleadings and the applicable law, the Court grants the motion for judgment on the pleadings.

On August 18, 1005, Cincinnati Insurance Company ("Cincinnati') filed a declaratory judgment suit against Kyle Uhring, Dustin Musenbrock, Country Mutual and Alan and Barbara Netemeyer (Doc. 1). Cincinnati seeks a ruling that an insurance policy it issued to Alan and Barbara Netemeyer does not require it to provide coverage to Uhring (the Netemeyer's son) in response to a lawsuit filed by

Musenbrock and Country Mutual Insurance Company.[1] Defendants Uhring and Barbara and Alan Netemeyer have failed to respond to the complaint. Accordingly, entries of default were entered as to them on January 6, 2006 and January 18, 2006 (Docs. 14 & 22). An entry of default was also entered against Musenbrock and Country Mutual (Doc. 14). Thereafter, Musenbrock and Country Mutual filed motions to vacate the entry of default (Docs. 15 & 17). On February 6, 2006, the Court denied the motion as to Musenbrock and granted it as to Country Mutual (Doc. 30).

## II. Facts[2]

On or about August 13, 2003, Uhring was driving a 1993 Ford Ranger with his friend, Musenbrock, in the passenger seat when Uhring drove the truck off the road and crashed into a utility pole.[3] As a result of this accident, Musenbrock suffered severe and permanent injuries. As such, Musenbrock and Country Mutual filed a complaint against Uhring in the Clinton County, Illinois Circuit Court.[4] The

---

[1] The underlying case arose out of a vehicular accident in which Musenbrock was injured and Uhring was driving.

[2] The facts of this case are not in dispute.

[3] At the time of the accident, Uhring was living with his mother and step-father, Barbara and Alan Netemeyer. Also, Uhring had been drinking beer.

[4] In the original underlying complaint, Musenbrock and Country Mutual alleged that Uhring was negligent for operating the truck on a suspended license. In the First and Second Amended Complaints, Musenbrock and Country Mutual did not allege that Uhring was driving on a suspended license. In the Second Amended Complaint, Musenbrock and Country Mutual allege that Uhring was negligent in failing to keep a proper outlook, failing to keep the truck under control, and failing to reduce the speed of the truck to avoid an accident.

Ford Ranger that Uhring was driving was insured by a policy issued by Cincinnati.[5]

At the time of the accident, Uhring was driving without a valid Illinois license.[6]

The Policy contains the following exclusion:

A. We do not provide Liability Coverage for any "covered person":

9. Using a vehicle without reasonable belief that person is entitled to do so.

The Policy defines "Covered Person" to mean:

1. "You" or any "family member" for ownership, maintenance or use of any auto (including a motorhome, truck or motorcycle) or "trailer."
3. Any person using your "covered auto".

The Policy further defines "Family member" to mean:

a person related to "you" by blood, marriage or adoption who is a resident of "your" household. This includes a ward or foster child.

### III. **Analysis**[7]

Federal Rule of Civil Procedure 12(c), which governs motions for judgment on the pleadings, provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all

---

[5] The Netemeyers were named insureds under a Personal Auto Liability Policy, Policy No. HRA 693 37 06 ("the Policy") issued by Cincinnati. Uhring was also an insured under the Policy as a family member of the household, not as a named insured.

[6] On January 21, 2003, the Illinois Secretary of State suspended Uhring's license after he received two convictions for moving violations within a 24-month period.

[7] The parties agrees that Illinois law applies in this case.

material made pertinent to such a motion by Rule 56.

A motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond doubt that the [nonmovant] can prove no facts sufficient to support his [position]." **Flenner v. Sheahan, 107 F.3d 459 (7th Cir. 1997)**. When considering a motion for judgment on the pleadings, a court must view all allegations in the light most favorable to the nonmoving party, and must further draw all reasonable inferences in favor of that party. **Kiddy-Brown v. Blagojevich, 408 F.3d 346, 355 (7th Cir. 2005); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000).**

Under Illinois law, "[t]he construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment." **Crum and Forster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1077 (Ill.1993); see also Roman Catholic Diocese of Springfield in Ill. v. Maryland Cas. Co., 139 F.3d 561, 565 (7th Cir. 1998)(stating that "Illinois law ··· treats the interpretation of an insurance policy and the respective rights and obligations of the insurer and the insured as questions of law that the court may resolve summarily"** ). When analyzing an insurance policy, a court must look to the intentions of the parties and consider the policy as a whole, "taking into account the type of insurance for which the parties have contracted, the risks

undertaken and purchased, the subject matter that is insured and the purposes of the entire contract." *Id.* **at 1077-78**. Any ambiguities in the policy must be construed against the drafter, and in favor of the insured party. ***Continental Cas. Co. v. McDowell and Colantoni, Ltd.,* 668 N.E.2d 59, 62 (Ill. App. 1996**). However, the court should "not search for ambiguity where there is none." ***Crum,* 620 N.E.2d at 1077**.

Cincinnati has moved for judgment on the pleadings arguing, *inter alia*, that Uhring did not have a valid driver's license. Citing ***Century Nat. Ins. Co. v. Tracy,* 789 N.E.2d 833 (Ill.App. 2 Dist.2003)**, Cincinnati argues that at the time of the accident, Uhring could not have had a "reasonable belief" that he was entitled to use the vehicle and therefore liability is excluded by the Policy's Exclusion A.9. listed above. Country Mutual opposes the motion arguing that the Policy's exclusion is ambiguous and does not bar coverage; that Cincinnati is equitably estopped from asserting the exclusion and that the provision is void against public policy. The Court rejects Country Mutual's arguments.

The issue before the Court is whether Uhring, who had a suspended license at the time of the accident, could as a matter of law have had a reasonable belief that he was entitled to drive the vehicle on which Cincinnati issued the Policy (thereby rendering Exclusion A.9. of the Policy inapplicable). The Court finds the answer is no. In ***Tracy***, the Illinois Appellate Court held that individuals who do not have a valid driver's license cannot reasonably believe that they are entitled to use a

motor vehicle in the state of Illinois.  ***Tracy***, **789 N.E.2d at 836**.  Furthermore, ***Tracy*** noted:

> "Moreover, a finding in favor of defendants would violate public policy …. The public policy of Illinois is well known and well understood: *a driver must possess a valid driver's license to operate a motor vehicle in Illinois.  625 ILCS 5/6-101(a) (West 1994).  A driver who operates a motor vehicle with a revoked or suspended license is guilty of a misdemeanor. 625 ILCS 5/6-303(a) (West 1994)* …. Nothing in the insurance policy could overcome James's legal inability to drive.  Therefore, a finding that [the unlicensed driver] reasonably believed that he could use the vehicle, even though he did not have a valid driver's license, *would violate Illinois public policy.*

***Tracy***, **789 N.E.2d at 836 (*emphasis added*)**.

Based on the above, the Court finds that the Illinois Appellate Court has clearly held that individuals who do not have a valid driver's license are not persons who reasonably believe that they are entitled to use a motor vehicle in the state of Illinois and are thus not covered by an insurance policy that exclude such individuals.  In addition, the Court finds no persuasive indications that the Illinois Supreme Court would rule to the contrary.  Accordingly, ***Tracy*** governs the outcome of this matter, and as an unlicensed driver, Kyle Uhring, is excluded from the policy's coverage by Exclusion A.9.[8]

---

[8] Citing ***American Country Insurance v. Wilcoxon,* 127 Ill.2d 230 (Ill.1989)** and ***State Farm Mutual Automobile Insurance Company v. Hertz Claim Management Corporation,* 789 N.E.2d 407 (Ill.App. 5 Dist. 2003)**, defendant argues that the "initial permission" rule applies. This rule states that once the owner or named insured of an automobile gives permission to drive a vehicle, any person subsequently given permission to drive is covered under the policy barring theft or tortious conversion. Upon review, the cases cited by Country Mutual did not involve either an unlicensed driver or the exclusion at issue.  Accordingly, Country Mutual's cases are simply inapplicable and to no avail.  Further, application of this rule as to this case would be irrational.

## IV. Conclusion

Accordingly, the Court **GRANTS** Cincinnati Insurance Company's motion for judgment on the pleadings (Doc. 38). The Court finds in favor of Plaintiff Cincinnati Insurance Company and against Defendants Kyle Uhring, Dustin Musenbrock, Country Mutual Insurance Company and Alan and Barbara Netemeyer. The Court **DECLARES** that Cincinnati Insurance Company has no duty to defend or indemnify Kyle Uhring in the underlying lawsuit filed by Dustin Musenbrock and Country Mutual Insurance Company.  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 20th day of December, 2006.

/s/     David RHerndon
**United States District Judge**